UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Bridgette Murphy<br><br>　　　Plaintiff,<br><br>v.<br><br>Asset Acceptance, LLC<br><br>　　　Defendant. | Case No.<br><br><br>**COMPLAINT FOR DAMAGES<br>UNDER THE FAIR DEBT COLLECTION<br>PRACTICES ACT AND OTHER<br>EQUITABLE RELIEF**<br><br><br>**JURY DEMAND ENDORSED HEREIN** |

**PARTIES**

1. Plaintiff, Bridgette Murphy, ("Bridgette"), is a natural person who resided in Memphis, Tennessee, at all times relevant to this action.

2. Defendant, Asset Acceptance, LLC, ("AA"), is a Delaware Limited Liability Company that maintained its principal place of business in Warren, Michigan, at all times relevant to this action.

**JURISDICTION AND VENUE**

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because Defendant resides in this judicial district.

**STATEMENT OF FACTS**

5. At all times relevant to this action, AA collected consumer debts.

6. AA regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

7. The principal source of AA's revenue is debt collection.

8. AA is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described, *infra*, AA contacted Bridgette to collect a debt that was incurred primarily for personal, family, or household purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. Bridgette is a "consumer" as defined by 15 U.S.C. §1692a(3).

12. Around January 2014, AA contacted Bridgette on Bridgette's home telephone in connection with the collection of the debt.

13. During this communication, Bridgette notified AA that Bridgette was not the person AA attempted to reach and that AA called the wrong number.

14. During this communication, Bridgette requested AA cease further calls to Bridgette.

15. Despite this request, AA contacted Bridgette on Bridgette's home telephone in connection with the collection of the debt on numerous occasions, most recently around May 2014.

16. Bridgette repeatedly requested AA cease further calls to Bridgette.

17. AA attempted to collect a debt from Bridgette.

18. AA violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

19. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

20. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## JURY DEMAND

23. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

24. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

By:   s/ Jeffrey S. Hyslip
Jeffrey S. Hyslip
Hyslip & Taylor, LLC, LPA
917 W. 18th St., Suite 200
Chicago, IL  60608
Phone:  312-380-6110
Email: jeffrey@lifetimedebtsolutions.com
OH Bar #0079315

Date:  August 7, 2014